OPINION
Appellant Virginia Switzer appeals a judgment of the Knox County Common Pleas Court, Domestic Relations Division, providing for an election of the parties concerning sale of the marital home, and denying her motion to compel appellee Richard Switzer to sign a form allowing her child from a prior marriage to obtain college tuition credits (99-CA-12):
ASSIGNMENTS OF ERROR:
 I. Abuse of Discretion: According to Black's Law Dictionary, 5th ed., p. 10, abuse of discretion is synonymous with a failure to exercise a sound, reasonable and legal discretion. Abuse of discretion is also any reasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to matter submitted.
In this case, the lower court abused its discretion by not considering the facts and law presented regarding: (1) the sale of the marital home according to the lower court's May 18, 1999, Journal Entry; (2) the concealment of information from Appellant; (3) promissory estoppel; (4) distribution of property; and (4) [sic] the duty of the judge to protect the inalienable rights of the Appellant.
 II. Fraud: Black's Law Dictionary, 5th ed., p. 594 defines fraud as an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right.
Throughout this case, Appellant presented the truth regarding the improper procedures committed, the first securing of financing for buying the marital home by Appellant, concealment of information from Appellant, promissory estoppel and the inequitable distribution of property.
The Appellee perverted the truth in order to deprive Appellant of her property and the lower court looked the other way when presented with the truth. Appellant also appealed a judgment of the court finding that appellee had filed the first election concerning purchasing the marital home, and allowing him to purchase the home from appellant (99-CA-13):
ASSIGNMENTS OF ERROR:
 I. Abuse of Discretion: According to Black's Law Dictionary, 5th ed., p. 10, abuse of discretion is synonymous with a failure to exercise a sound, reasonable and legal discretion. Abuse of discretion is also any reasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to matter submitted.
In this case, the lower court abused its discretion by not considering the facts and law presented regarding: (1) the sale of marital home according to the lower court's June 17, 1999, Journal Entry; (2) the duty of the judge to protect the inalienable rights of the Appellant.
 II. Fraud: Black's Law Dictionary, 5th ed., p. 594 defines fraud as an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right.
Throughout this case, Appellant presented the facts and evidence showing the first securing of financing for buying the marital home by Appellant.
The Appellee perverted the truth in order to deprive Appellant of her property and the lower court looked the other way when presented with the truth. By order of this court, the appeals were consolidated, with Case No. 99-CA-12 controlling. In September of 1997, appellee Richard Switzer filed the instant action seeking a divorce. The case was tried to a magistrate in September of 1998. The magistrate's recommendation, filed December 3, 1998, proposed that either party could elect to purchase the home. In objections to the magistrate's decision, appellee requested that the court provide a procedure if both parties were elect to purchase the home. On May 18, 1999, the court ordered that the marital home would be sold for $152,000 to one of the parties, or to a third party. If both parties elected to purchase the marital home, then the first party to obtain financing for the purchase would be allowed to make that purchase. Shortly thereafter, appellee notified the court of his election to purchase the property, asserting that he had obtained financing. A short time later, appellant did the same. The court held an evidentiary hearing on June 17, 1999. Following the hearing, the court found that appellee was the first to comply with the condition of the court's journal entry by securing financing for the purchase of the property, and he was, therefore, entitled to purchase the property for $152,000. As appellant's Assignments of Error are virtually the same in both briefs filed with this court, we will address them together.
 I.
Sale of Marital Home: Appellant argues in both briefs that she was the first to obtain financing and, therefore, the court abused it discretion in ordering that appellee be entitled to purchase the marital home. At the hearing, appellant presented evidence that in 1998, she had an oral commitment from Dale Tier, an agent for Signal Bank, for financing to buy the home. In February of 1999, Mr. Tier went to work for Peoples Bank of Gambier. Mr. Tier testified that he intended to honor the loan commitment he made with Signal Bank in his new employment at Peoples Bank. He issued a written commitment for financing from Peoples Bank on May 28, 1999. The court did not abuse its discretion in finding that appellant did not secure financing in December of 1998. The commitment was oral, and ultimately, her first written commitment from a bank that she had secured financing did not occur until one week after appellee filed his election, with a written commitment of financing. Any commitments made by Mr. Tier were not his personal commitments for a personal loan, but were commitments of the banks for which he was acting as agent at the time. Therefore, when Mr. Tier went to work for Peoples Bank of Gambier, his prior oral commitment on behalf of Signal Bank was certainly not binding on his new employer. Further, appellant did not present evidence that she secured financing from Signal Bank, other than the oral commitment of an agent no longer employed at the bank. Appellant also argues that because appellee received a copy of the May 18, 1999, judgment entry first, he was given an unfair advantage in obtaining financing. The record does not reflect that she was prejudiced in any way. In fact, appellant began seeking financing in December of 1998, indicating that she was aware of the potential for purchase of the home. Denial of Due Process: Appellant argues that she was denied due process, and that improper and biased methods were used in the evaluation of marital and non-marital property. The record does not reflect that the valuation methods for marital property were improper or biased.Fraud: Appellant argues that information was concealed from her, evaluation procedures of property were fraudulent, and the court's failure to find that appellant's banker testified that she had been approved for financing since December, 1998, was fraudulent. The record does not reflect any of these errors. Appellant does not specify what information was concealed from her, or what evaluation procedures were fraudulent. The court did not ignore the testimony of appellant's banker. Rather, the banker did not present evidence that she had been given a written commitment by a bank for financing in December of 1998, nor did she ultimately obtain financing through that bank. Failure to Rule on Motion: Appellant argues that the court erred in failing to rule on her motion to order appellee to sign a form regarding appellant's son's tuition reimbursement. In the December 4, 1998, magistrate's report, the magistrate devotes Pages 11 through 14 to the issue of appellee's failure to sign the tuition reimbursement form. The magistrate ultimately concluded that the document signed by appellee was not sufficiently definite to bind him. In Objection No. 7 to the magistrate's report, appellant raised the issue of what she called a "post-nuptial agreement" concerning payment for college for her children. On Page 4 of the Judgment Entry, the court specifically overruled appellant's Objection No. 7. Therefore, the court did rule on appellant's motion. Concealment of Information: Appellant argues that she was not permitted to see documents, which she requested in the Fall of 1997. In support of this claim, she attaches two letters from July of 1999, dated after this appeal was filed. She also attaches a letter from December of 1997, in which the secretary for appellee's counsel represents that the requested documents are in two briefcases at the attorney's office, and are available for examination and copying. None of these documents are a part of the record and, therefore, cannot be considered by this court. The record does not reflect that appellant filed a discovery motion, or made any objection to appellee's alleged failure to permit her to see the requested documents. Promissory Estoppel: Appellant argues that she relied on appellee's promise to help send her children to college. The court concluded that the promise to help was ambiguous, as appellee did not state any monetary amount or specific actions he would pursue. The court further determined that from the tone of the note, it is apparent that appellee wrote the note to stop appellant from continually interrogating him concerning the issue. The court concluded that even if she relied on this promise, her reliance was not reasonable, given the tone of the document. The judgment of the court is supported by the evidence, and the court did not abuse its discretion in denying appellant's claim for promissory estoppel. Improper Evaluation of Property: Appellant makes a series of arguments regarding improper evaluation of property, mostly regarding premarital assets in her account with Edward D. Jones, the down payment on the house, and her IRA. She makes no citations to the record or any specific claims as to how the assets were improperly valued. The parties' testimony differed on issues of valuation, and the court, as the trier of fact, resolved such credibility issues. Appellant has not demonstrated any error in the evaluation of property. Credit for Liability: Appellant argues that because appellee was entitled to deduct an auto loan from his assets, she should be entitled to deduct $17,000 that she borrowed from her retirement account in order to pay the cost of her children's tuition due to appellee's refusal to sign the tuition remission forms. She does not cite to any place in the record where this alleged error was drawn to the court's attention. Further, as the court found that appellee was not responsible for aiding in appellant's children's college expenses, appellant's use of her funds to help the children was not in the nature of a loan. The first Assignment of Error is overruled.
 II.
Appellant argues that throughout the case, appellant presented the truth concerning various issues, while appellee perverted the truth in order to deprive her of her property. The record does not demonstrate an error. The court considered the evidence and arguments of both parties, and judged the credibility of the witnesses. Where a case turns on credibility, a reviewing court must defer to the findings of the trial court, as the trial court is in the best position to judge the credibility of witnesses. Myers vs. Garson (1993), 66 Ohio St.3d 610, 614. The second Assignment of Error is overruled.
The judgment of the Knox County Common Pleas Court, Domestic Relations Division, is affirmed.
By: Reader, V.J. Wise, P.J. and Gwin, J. concur.